UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON-RPM DISTRIBUTORS, LLC<br>                Plaintiff,<br><br>v.<br><br>BOWDITCH & DEWEY, LLP, DAVID P. GROSSI, AND TERRENCE J. BRIGGS,<br><br>                Defendants/<br>                Third-Party Plaintiff,<br><br>v.<br><br>MARCUM, LLP<br><br>                Third-Party Defendant, | Case No.  4:19-40095 |

**BOWDITCH & DEWEY, LLP, DAVID P. GROSSI, AND
TERRENCE J. BRIGGS' INITIAL DISCLOSURES**

The Defendants, Bowditch & Dewey, LLP, David P. Grossi, and Terrence J. Briggs (collectively, "B&D"), submit their Fed. R. Civ. P. 26(a)(1) initial disclosures.  B&D reserves the right to supplement these disclosures.

**1.      Individuals Likely to Have Discoverable Information**

  1) **John Cirrone**
     Contact Information Is Presently Unknown

Mr. Cirrone is the Chief Operating Officer of Hudson-RPM Distributors, LLC ("Hudson").  He is expected to have information concerning the rolling partial withdrawal liability formula provided by B&D in a memorandum dated January 7, 2013; the communications he had with B&D in 2013 about whether a rolling partial withdrawal liability had been triggered at that time; the communications between Hudson and the New England Teamsters & Trucking Industry Pension Fund (the "Pension Fund") about calculating withdrawal liability; the communications Hudson and/or Hudson News Distributors, LLC ("Hudson News") had with Road Carriers Local 707 Pension Plan ("Local 707") about calculating withdrawal liability; the communications Hudson and Marcum, LLP ("Marcum") had about withdrawal liability; the individuals Hudson hired because of Hudson's withdrawal liability calculations;

Hudson's decline in sales; the triggering of a rolling partial withdrawal liability in 2019; and Hudson's efforts to appeal the same.

2) **Ben Walters**
   Contact Information Is Presently Unknown

Mr. Walters is the Payroll/Worcester Depot Manager of Hudson.  He is expected to have information concerning the rolling partial withdrawal liability formula provided by B&D in a memorandum dated January 7, 2013; the communications he had with B&D in 2013 about whether a rolling partial withdrawal liability had been triggered at that time; the withdrawal liability calculations he performed for Hudson; the communications he and Hudson had with the Pension Fund about calculating withdrawal liability; the triggering of a rolling partial withdrawal liability in 2019; and Hudson's efforts to appeal the same.

3) **Sandra Boudreau**
   Contact Information Is Presently Unknown

Ms. Boudreau is an employee of Hudson.  She is expected to have information concerning the rolling partial withdrawal liability formula provided by B&D in a memorandum dated January 7, 2013 and the withdrawal liability calculations made by Hudson.

4) **Ross Falisi**
   Contact Information Is Presently Unknown

Mr. Falisi is an Operations Manager for Hudson News.  Mr. Falisi is expected to have information concerning Hudson and Hudson News' withdrawal liability; the continual decline in sales in the wholesale distribution of print media industry; and the communications between Hudson and/or Hudson News with the Pension Fund and Local 707 about withdrawal liability.

5) **James Cohen**
   Contact Information Is Presently Unknown

Mr. Cohen is a member of Hudson's Board of Directors.  Mr. Cohen is expected to have information concerning the rolling partial withdrawal liability formula provided by B&D in a memorandum dated January 7, 2013; the communications Hudson had with the Pension Fund about calculating withdrawal liability; the communications Hudson and/or Hudson News had with Local 707 about calculating withdrawal liability; the communications Hudson had with Marcum about withdrawal liability; the redemption of ownership interests held by Hudson's former members; the valuations and other assessments conducted concerning these redemptions; the communications he had about unfunded liabilities and reduced payment plans during these redemptions; the reason(s) for excluding Hudson from the initial public offering of Hudson Ltd.; Hudson's decline in sales; the triggering of a rolling partial withdrawal liability in 2019; and Hudson's efforts to appeal the same.

6) **David P. Grossi**
   May be contacted through counsel for Bowditch & Dewey, LLP

   Attorney Grossi is a partner at B&D.  Attorney Grossi has information concerning the memorandum dated January 7, 2013 that his firm provided to Hudson for calculating a rolling partial withdrawal liability, his communication with Mr. Cirrone in November of 2013 that Hudson had not triggered a partial withdrawal liability at that time, the offers made by B&D to assist Hudson with its partial withdrawal liability calculations, and Hudson's decision not to retain B&D to assist it with calculating its withdrawal liability.

7) **Terrence J. Briggs**
   May be contacted through counsel for Bowditch & Dewey, LLP

   Attorney Briggs is a partner at B&D.  Attorney Briggs has information concerning the memorandum he drafted dated January 7, 2013, which concerned rolling partial withdrawal liability; his communication with Mr. Walters in November of 2013 that Hudson had not triggered a partial withdrawal liability at that time; the offers made by B&D to assist Hudson with its partial withdrawal liability calculations; and Hudson's decision not to retain B&D to assist it with calculating its withdrawal liability.

2. **Documents the Defendants May Use to Support Their Defenses**

   The underlying case files that were requested by Hudson in this action have been provided to counsel under separate cover.

3. **Damages**

   B&D is not seeking damages and did not cause Hudson to sustain any damages.

4. **Insurance**

   The applicable policies, if any, shall be available for inspection and copying.

5. **Expert Testimony**

   B&D has not determined or identified who will provide expert testimony at trial.  B&D will supplement its expert witness designation in accordance with the deadlines set by the Court.

6. **Reservations**

   Pursuant to Fed. R. Civ. P. 26(e), B&D reserves the right and recognizes its duty to supplement its disclosures as necessary and as required by the Federal Rules.

**7.      Certification**

Pursuant to Fed. R. Civ. P. 26(g)(1), the undersigned counsel certifies that to the best of his knowledge, information, and belief, formed after reasonable inquiry, the disclosures made pursuant to Fed. R. Civ. P. 26(a) are complete and accurate as of this date.

>Respectfully submitted,
>
>The Defendants,
>Bowditch & Dewey, LLP, David P. Grossi,
>and Terrence J. Briggs,
>
>By their attorneys,
>
>/s/ *William R. Covino*
>George Berman, Esq., BBO# 040200
>William R. Covino, Esq., BBO# 673474
>Christine T.E. Staffiere, Esq., BBO# 699041
>PEABODY & ARNOLD LLP
>Federal Reserve Plaza
>600 Atlantic Avenue
>Boston, MA 02210
>(617) 951-2100
>scohen@peabodyarnold.com
>wcovino@peabodyarnold.com
>cstaffiere@peabodyarnold.com

**CERTIFICATE OF SERVICE**

I, William R. Covino, hereby certify that I have, on this 20th day of December, 2019, served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).

>/s/ William R. Covino
>William R. Covino

1683170_1
16364-204746