UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON-RPM DISTRIBUTORS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BOWDITCH & DEWEY, LLP,<br>DAVID P. GROSSI, and<br>TERRENCE J. BRIGGS,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>    v.<br><br>MARCUM, LLP,<br><br>    Third-Party Defendant,<br><br>    and<br><br>LITTLER MENDELSON, P.C.,<br><br>    Movant/Respondent. | Civil Action<br>No. 4:19-cv-40095-TSH |

## ORDER

### July 10, 2020

Hennessy, M.J.,

For the reasons stated at the hearing held on July 9, 2020 [Dkt. No. 86], Bowditch & Dewey, LLP's ("Bowditch") Motion to Compel Supplemental Answers to Initial Disclosures and Interrogatories from Hudson-RPM Distributors LLC ("Hudson") [Dkt. No. 36] is **DENIED**; Hudson's Motion to Compel Initial Disclosures from Bowditch [Dkt. No. 43] is **GRANTED**; Bowditch's Motion to Compel A Privilege Log from Hudson [Dkt. No. 78] is **GRANTED IN PART** and **DENIED IN PART**; Bowditch's Motion to Strike Hudson's Responses to Bowditch's

1

Requests for Admission [Dkt. No. 81] is **GRANTED IN PART** and **DENIED IN PART**; Bowditch's Motion for Leave to File Amended Third-Party Complaint [Dkt. No. 57] is **GRANTED**; Bowditch's Motion to Compel Production of Pre-Assessment Legal Invoices from Littler Mendelson, P.C. ("Littler Mendelson") [Dkt. No. 55] is **DENIED AS MOOT**; Littler Mendelson's Motion to Stay Production of Its Pre-Assessment Legal Invoices [Dkt. No. 59] is **DENIED**.

(**1**) Bowditch's Motion to Compel Supplemental Answers to Initial Disclosures and Interrogatories from Hudson [Dkt. No. 36] is **DENIED**.

(**2**) Hudson's Motion to Compel Initial Disclosures from Bowditch [Dkt. No. 43] is **GRANTED**. By close of business **July 13, 2020**, Bowditch is to produce all insurance agreements and/or policies under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, consistent with Fed. R. Civ. P. 26(a)(1)(iv).

(**3**) Bowditch's Motion to Compel A Privilege Log from Hudson [Dkt. No. 78] is **GRANTED IN PART** and **DENIED IN PART**. Bowditch's Motion is **GRANTED** as to Document Request Nos. 26-27. Bowditch's Motion is **DENIED** as to Document Request Nos. 41-42. The court finds that Bowditch's request for "engagement letters, contracts, correspondence, letters, emails, memos, reports, and other documents" which do not concern partial or full withdrawal liability need not be produced because such documents are irrelevant and outside the scope of Fed. R. Civ. P. 26(b)(1). By close of business **July 23, 2020**, Hudson is to produce a privilege log identifying any documents responsive to Bowditch's Document Request Nos. 26-27 that it is

withholding on the grounds of an asserted privilege. The privilege log shall comply with the Federal Rules of Civil Procedure and the Local Rules.

**(4)** Bowditch's Motion to Strike Hudson's Responses to Bowditch's Requests for Admission [Dkt. No. 81] is **GRANTED IN PART** and **DENIED IN PART**:

    **a.** For Bowditch's **Request for Admission No. 1**, the following portion of Hudson's response is stricken: ", and Defendants were well aware or should have been well aware in 2014 that Hudson-RPM was relying on that spreadsheet to track its workforce and the potential for a partial withdrawal"

    **b.** For Bowditch's **Requests for Admission Nos. 6, 11, 16, and 21**, the following portions of Hudson's responses are stricken: "and Defendants were well aware or should have been well aware in [2015, 2016, 2017, 2018] that Hudson-RPM was relying on the spreadsheet sent to Defendants for their review"

    **c.** For Bowditch's **Requests for Admission Nos. 2, 12, 17, and 22**, the following portions of Hudson's responses are stricken: "To the extent, the statutory method for calculating a partial withdrawal, as set forth in the ERISA statute, changed, Hudson-RPM reasonably expected that Defendants would advise it of any change." and "and Defendants were well aware or should have been well aware in [2014, 2016, 2017, 2018] that Hudson-RPM was relying on the formula and tracking method set forth in the spreadsheet sent to Defendants in 2013 for Defendants' review"

    **d.** For Bowditch's **Request for Admission No. 7**, the following portions of Hudson's response are stricken: "To the extent, the statutory method for calculating a partial withdrawal, as set forth in the ERISA statute, changed,

       Hudson-RPM reasonably expected that Defendants would advise it of any change." and "and Defendants were well aware in 2015 that Hudson-RPM was relying on the formula and tracking method set forth in the spreadsheet sent to Defendants in 2013 for Defendants' review"

    **e.** No other portions of Hudson's Responses to Bowditch's First Request for Admission are stricken.

    **f.** With Bowditch's consent, Hudson is to re-serve its Responses to Bowditch's First Request for Admission so that its responses are consistent with this order.

**(5)** Bowditch's Motion for Leave to File Amended Third-Party Complaint [Dkt. No. 57] is **GRANTED**.

**(6)** Bowditch's Motion to Compel Production of Pre-Assessment Legal Invoices from Littler Mendelson [Dkt. No. 55] is **DENIED AS MOOT**.  Because Bowditch's Motion for Leave to File Amended Third-Party Complaint is granted, Littler Mendelson will be added as a third-party defendant to this litigation mooting Bowditch's Fed. R. Civ. P. 45 subpoena to Littler Mendelson.

**(7)** Littler Mendelson's Motion to Stay Production of Its Pre-Assessment Legal Invoices [Dkt. No. 59] is **DENIED** for the reasons stated at the hearing.  Once added as a third-party defendant to this litigation, Bowditch may serve discovery requests as permitted by the Federal Rules of Civil Procedure and the Local Rules.  This order does not preclude any party from raising objections or claims of privilege to future discovery requests.

## **CONCLUSION**

For the reasons stated in detail at the hearing held on July 9, 2020, Bowditch & Dewey, LLP's Motion to Compel Supplemental Answers to Initial Disclosures and Interrogatories from Hudson-RPM Distributors LLC is **DENIED**; Hudson-RPM Distributors LLC's Motion to Compel Initial Disclosures from Bowditch & Dewey, LLP is **GRANTED**; Bowditch & Dewey, LLP's Motion to Compel A Privilege Log from Hudson-RPM Distributors LLC is **GRANTED IN PART** and **DENIED IN PART** consistent with this order; Bowditch & Dewey, LLP's Motion to Strike Hudson-RPM Distributors LLC's Responses to Bowditch & Dewey, LLP's Requests for Admission is **GRANTED IN PART** and **DENIED IN PART** consistent with this order; Bowditch & Dewey, LLP's Motion for Leave to File Amended Third-Party Complaint is **GRANTED**; Bowditch's Motion to Compel Production of Pre-Assessment Legal Invoices from Littler Mendelson, P.C. is **DENIED AS MOOT**; Littler Mendelson, P.C.'s Motion to Stay Production of Its Pre-Assessment Legal Invoices is **DENIED**.

/s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge