UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON-RPM DISTRIBUTORS, LLC<br>    Plaintiff,<br><br>v.<br><br>BOWDITCH & DEWEY, LLP, DAVID P. GROSSI, AND TERRENCE J. BRIGGS,<br><br>    Defendants/<br>    Third-Party Plaintiff,<br><br>v.<br><br>MARCUM, LLP,<br>LITTLER MENDELSON, P.C.<br><br>    Third-Party Defendants, | Case No.  4:19-40095 |

**BOWDITCH & DEWEY, LLP, DAVID P. GROSSI, AND TERRENCE J. BRIGGS' AMENDED THIRD-PARTY COMPLAINT**

Hudson-RPM Distributors, LLC ("Hudson RPM") seeks to recoup over $19M from Bowditch & Dewey, LLP, David P. Grossi, and Terrance J. Briggs (collectively, "B&D") because B&D in 2013 purportedly failed to inform Hudson-RPM that it was using the wrong formula to calculate its pension fund withdrawal liability, which subsequently led Hudson-RPM to unknowingly trigger it in reducing its workforce between 2016 and 2018.  During one or more of these years, Hudson-RPM retained Marcum LLP ("Marcum") to conduct audits and issue opinion on Hudson-RPM's financial statements and Littler Mendelson, P.C. ("Littler") to assess and advise Hudson-RPM on its withdrawal liability.  Hudson-RPM could have only been "alarmed" and/or "appalled" to discover that the pension find liability was triggered in 2019 if Marcum failed to assess and disclose this liability to Hudson-RPM in accordance with generally

accepted accounting principles and if Littler equally failed to assess and advise Hudson-RPM of its withdrawal liability. Thus, if Hudson-RPM prevails against B&D, B&D is entitled to contribution from Marcum and Littler as a joint-tortfeasors for the losses incurred by Hudson-RPM.

## PARTIES

1.      The Plaintiff, Hudson-RPM, purports to be a limited liability company formed in Delaware, with a principal place of business located at 8 Cotton Road, Nashua, NH 03063.

2.      The Defendant/Third-Party Plaintiff, B&D, is a limited liability partnership formed in Massachusetts, with its principal place of business located at 311 Main Street, Worcester, MA 01608.

3.      The Defendant/Third-Party Plaintiff, David P. Grossi, is an attorney licensed to practice in the Commonwealth of Massachusetts with a business address located at 311 Main Street, Worcester, MA 01608.

4.      The Defendant/Third-Party Plaintiff, Terrence J. Briggs, is an attorney licensed to practice in the Commonwealth of Massachusetts with a business address located at 311 Main Street, Worcester, MA 01608.

5.      The Third-Party Defendant, Marcum, is a limited liability partnership with a principal office in the Commonwealth of Massachusetts at 53 State Street, Boston, MA 02109.

6.      The Third-Party Defendant, Littler Mendelson, P.C., is a professional corporation with a global presence and a principal office in the State of New Jersey at One Newark Center, 8th Floor, Newark NJ 07102.

**JURISDICTION AND VENUE**

7. Personal jurisdiction is appropriate because Marcum and/or Littler has purposely availed themselves to the laws and jurisdictions of the Commonwealth of Massachusetts and/or has regularly and systematically conducted and/or transacted business in the Commonwealth of Massachusetts.

8. Subject matter jurisdiction is appropriate because of this court's ancillary jurisdiction codified in 28 U.S.C. § 1367 to exercise jurisdiction over other claims that are so related to the claims in the action that are within this court's original jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because B&D resides in this judicial district and all the defendants are residents of the Commonwealth of Massachusetts.

**FACTUAL ALLEGATIONS**

10. Hudson-RPM alleges that it sought legal advice in 2013 from B&D to ensure that any reductions in its union workforce would not trigger any potential withdrawal liability from the New England Teamsters and Trucking Industry Pension Fund (the "Fund").

11. Hudson-RPM alleges that it created a spreadsheet in 2013 to assist in calculating when withdrawal liability to the Fund would be triggered and B&D failed to tell Hudson-RPM that the formula it was using was incorrect.

12. Hudson-RPM further alleges that it "meticulously relied" on B&D's silence and was "alarmed" and "appalled" to discover that its reduction in its work force during the 2015, 2016, and 2017 plan years (collectively "the Plan Years"), unknowingly triggered a liability to the Fund in the amount of $19,948,714 and was notified of the liability in April 2019.

13. Hudson-RPM alleges that it is entitled to recoup the $19,948.714 referenced above, as well as, all additional penalties, liabilities, and amounts assessed by the fund concerning its withdrawal liability.

14. During the Plan Years, Hudson-RPM retained Marcum to audit its financial statements and to issue an independent auditor's opinion for each financial statement.

15. Marcum completed the audits and issued independent auditor reports concerning the financial statements.

16. Pursuant to generally accepted accounting practices, an employer who participates in a multiemployer pension fund must disclose on its financial statements the potential withdrawal liability as a contingent liability.

17. In auditing Hudson-RPM's financial statements, Marcum was, *inter alia*, obligated to assess the likelihood of whether Hudson-RPM's reductions in work force would give rise to a liability under the Fund and to disclose its findings to Hudson-RPM.

18. Specifically, Marcum was required to, *inter alia*, assess if it was probable or reasonably possible that Hudson-RPM would withdraw from the plan under circumstances that would give rise to an obligation.

19. Marcum was required to create internal work papers assessing whether Hudson-RPM would be subject to a withdrawal liability under the Fund for each of the Plan Years.

20. Upon information and belief, Marcum failed to assess and/or disclose to Hudson-RPM the likelihood of whether Hudson-RPM's reductions in work force during the Plan Years would trigger a liability to the Fund.

21. If Hudson-RPM's allegations are true, Marcum failed to meet the standard of care in assessing Hudson-RPM's contingent liability for pension fund withdrawal liability.

Specifically, Hudson-RPM could not have been "alarmed" or "appalled" to discover this liability in 2019 if Marcum had properly included the contingent liability on the financial statement for the Plan Years.

22. If Hudson-RPM's allegations are correct, the opinions on the financial statements issued by Marcum are completely silent as to the fact that Hudson-RPM was contributing to an <u>underfunded</u> multiemployer pension fund and the likelihood that such liability had been triggered.

23. At no time did Marcum ever contact B&D to confer as to what advice and/or assessment Hudson-RPM had been given. If Marcum relied upon Hudson-RPM's representation that it had purportedly received oral advice from B&D concerning liability, it breached the standard of care by failing to confirm such advice directly with B&D.

24. In January 2018, Hudson-RPM retained Littler to provide legal services and counsel regarding Hudson-RPM's pension fund withdrawal liability. Littler holds itself out as a firm specializing in labor and employment law, including pension and union-related matters.

25. Littler performed legal work for Hudson-RPM related to its labor, pension, and strategic planning needs.

26. Upon information and belief, Littler was retained to assess and advise Hudson-RPM on its withdrawal liability.

27. Upon information and belief, Littler, in counseling Hudson-RPM on pension withdrawal liability issues, failed to assess and/or disclose to Hudson-RPM the likelihood of whether Hudson-RPM's reductions in work force would trigger liability to the Fund.

28. If Hudson-RPM's allegations are true, Littler failed to meet the standard of care in assessing Hudson-RPM's contingent liability for pension fund withdrawal liability. Specifically,

Hudson-RPM could not have been "alarmed" or "appalled" to discover this liability in 2019 if Littler had properly assessed Hudson-RPM's withdrawal liability.

29. At no time prior to Hudson-RPM being assessed a withdrawal liability did Littler ever contact B&D to confer as to what advice and/or assessment Hudson-RPM had been given concerning its withdrawal liability.

30. If Littler relied upon Hudson-RPM's representation that it had purportedly received oral advice from B&D concerning liability, it breached the standard of care by failing to confirm such advice directly with B&D.

## COUNT I
## CONTRIBUTION AGAINST MARCUM

31. B&D incorporates by reference the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32. Hudson-RPM alleges that they suffered damages because B&D failed to advice it that it was using the wrong formula to assess its withdrawal liability.

33. Hudson-RPM retained Marcum to audit its financial statements, which would have required Marcum to advise Hudson-RPM on its potential withdrawal liability.

34. While B&D denies that they are liable to Hudson-RPM, if B&D is found liable for failing to properly advise it that it was using the wrong formula that led Hudson-RPM to incorrectly reduce its workforce over a three-year period and trigger the loss, then B&D is entitled to contribution from Marcum, as joint tortfeasors, for failing to provide competent accounting services when auditing Hudson-RPM's financial statements.

## COUNT II
## CONTRIBUTION AGAINST LITTLER MENDELSON

35. B&D incorporates by reference the allegations set forth in Paragraphs 1 through 34 as though fully set forth herein.

36. Hudson-RPM alleges that it suffered damages because B&D failed to advise it that it was using the wrong formula to assess its withdrawal liability.

37. Hudson-RPM retained Littler to provide legal services and counsel Hudson-RPM regarding its pension fund withdrawal liability.

38. While B&D denies that it is liable to Hudson-RPM, if B&D is found liable for failing to properly advise it that it was using the wrong formula that led Hudson-RPM to incorrectly reduce its workforce and trigger any loss, then B&D is entitled to contribution from Littler, as joint tortfeasors, for failing to provide competent legal services when advising Hudson-RPM on its withdrawal liability.

## JURY CLAIM

B&D hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
The Defendants,
Bowditch & Dewey, LLP, David P. Grossi,
and Terrance J. Briggs
By their attorneys

/s/ *Christina T.E. Staffiere*

George A. Berman, Esq., BBO #040200
William R. Covino, Esq. BBO #673474
Christina T.E. Staffiere, Esq. BBO #699041
PEABODY & ARNOLD LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 951-2100
gberman@peabodyarnold.com
wcovino@peabodyarnold.com
cstaffiere@peabodyarnold.com

## CERTIFICATE OF SERVICE

I, Christina T.E. Staffiere, hereby certify that I have this 21st day of July, 2020 filed electronically and served a copy of the foregoing document, by causing a copy thereof, to be sent electronically, through the ECF system, to the registered participants in this case, as identified on the Notice of Electronic Filing (NEF).
.

/s/ *Christina T.E. Staffiere*

Christina T.E. Staffiere, Esq.

1780959_1
16364-204746