## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUDSON-RPM DISTRIBUTORS, INC., | |
| Plaintiff, | |
| v. | CIVIL ACTION<br>NO. 19-40095-TSH |
| BOWDITCH & DEWEY, LLP,<br>DAVID P. GROSSI, and<br>TERRENCE J. BRIGGS, | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| MARCUM, LLP, | |
| Third-Party Defendant, | |
| and | |
| LITTLER MENDELSON, P.C., | |
| Third-Party Defendant. | |

## Report and Recommendation

**October 21, 2020**

Hennessy, M.J.

This matter comes before the Court as Third-Party Defendant Littler Mendelson, P.C. ("Littler") moves to dismiss Count II of the Amended Third-Party Complaint. [Dkt. No. 91]. Third-Party Plaintiff Bowditch & Dewey, LLP ("Bowditch") has filed an opposition to the motion. [Dkt. No. 99]. This matter is now ripe for adjudication. For the reasons that follow, I recommend

the motion to dismiss Count II [Dkt. No. 91] be GRANTED, and that Count II of the amended third-party complaint be DISMISSED WITHOUT PREJUDICE.

I.   BACKGROUND

This complaint seeks to implead Littler into an action between Hudson-RPM Distributors, Inc. ("Hudson") and Bowditch.[1]  Hudson is a limited liability company based out of New Hampshire. [Am. Third-Party Compl., Dkt. No. 90 ¶ 1]. In 2013, Hudson sought legal advice from Bowditch concerning its obligation to the New England Teamsters and Trucking Industry Pension Fund (the "Fund"). [Dkt. No. 90 ¶ 10]. Specifically, Hudson sought to reduce its workforce without incurring withdrawal liability under the Employee Retirement Income Security Act ("ERISA"). [Dkt. No. 90 ¶ 10]. In reliance on Bowditch's advice, Hudson created a spreadsheet and relied on that spreadsheet to help calculate reductions in its workforce that avoided withdrawal liability. [Dkt. No. 90 ¶ 11]. In January of 2018, Hudson retained Littler, a firm specializing in labor and employment law. [Dkt. No. 90 ¶ 24]. On information and belief, Hudson engaged Littler to assess and advise Hudson on withdrawal liability. [Dkt. No. 90 ¶ 26].

In April 2019, Hudson received notice that it had triggered withdrawal liability. [Dkt. No. 90 ¶ 12]. The Fund calculated Hudson's withdrawal liability to be $19,948,714.00 for the fiscal years 2015, 2016, and 2017. [Dkt. No. 90 ¶ 12]. Subsequently, Hudson sued Bowditch for negligence, breach of contract, breach of fiduciary duty, indemnification, and respondeat superior for the actions of Grossi and Briggs.[2] [Compl., Dkt. No. 1]. In Count II of the amended third-party complaint, Bowditch impleads Littler for contribution towards any damages Hudson incurred after fiscal year 2017. [Dkt. No. 90].

---

[1] For the purposes of this motion, the undersigned takes facts asserted in the amended third-party complaint as true. See Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).
[2] Grossi and Briggs are named as co-defendants in Hudson's complaint.

II.     STANDARD

Fed. R. Civ. P. 14(a) states "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  The claim is proper if "the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." R.H. v. Lorilee I, LLC, No. 15-CV-30204, 2016 WL 7105870, at *4 (D. Mass. Nov. 14, 2016), report and recommendation adopted, No. CV 15-30204, 2016 WL 7045703 (D. Mass. Dec. 2, 2016) (quoting Katz v. Denn, Civ. Action No. 05-40014, 2007 WL 763896, at *6 (D. Mass. Mar. 12, 2007)).  A third-party defendant "must assert any defense against the third-party plaintiff's claim under Rule 12 . . . ." Fed. R. Civ. P. 14(a)(2)(A).  A third-party complaint is treated like a complaint under Rule 8(a) in all respects.  Wright & Miller, Federal Practice and Procedure § 1455 (3d ed. 2020).  A third-party defendant may object to the complaint if it "fails to comply with the requirement in Rule 8(a) that it contain a . . . short and plain statement of the claim."  Id.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007).  "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)).  There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the

complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings") (emphasis in original).

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal,

556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

III.   ANALYSIS

   A. Contribution

A tortfeasor may seek contribution if he "has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share." Mass. Gen. Laws Ann. ch. 231B, § 1 (West 2020). Contribution claims serve to remedy "the unfairness of allowing a disproportionate share of the [plaintiff's] recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury." McCrohan v. Sandulli Grace, P.C., 369 F. Supp. 3d 324, 331 (D. Mass. 2019) (internal citations omitted). A right of contribution exists only if "the party would be 'directly liable to the injured person.'" LeBlanc v. Logan Hilton Joint Venture, 463 Mass. 316, 326 (2012) (quoting O'Mara v. H.P. Hood & Sons, 359 Mass. 235, 238 (1971)).

   B. Legal Malpractice

Under Massachusetts law, a claim for legal malpractice "requires a plaintiff to prove: (1) an attorney-client relationship; (2) a duty to exercise a reasonable degree of care and skill in the performance of the attorney's legal duties; (3) a violation of this duty; and (4) reasonably foreseeable harm caused by the attorney's negligence." Alicea v. Com., 466 Mass. 228, 234 n.9 (2013). Thus, to properly allege legal malpractice, a plaintiff must plead, among other elements, damages. Pelletier v. Chouinard, 27 Mass. App. Ct. 92, 95 (1989). A plaintiff cannot recover for

5

damages that are merely speculative.  Levin v. Berley, 728 F.2d 551, 553-54 (1st Cir. 1984); Berman v. Alexander, 57 Mass. App. Ct. 181, 188 (2003).

In its motion to dismiss Count II of the amended third-party complaint, Littler asserts that Bowditch fails to plead any actual injury to Hudson attributable to Littler.  [Dkt. No. 92 at p. 12]. In alleging damages, Bowditch relies on the language of ¶ 33 of Hudson's complaint:

> While the Fund already assessed a withdrawal liability in the amount of $19,948,714.00, that amount only covers the three-year test period ending on September 30, 2017.  To the extent the Fund seeks to assess any additional penalties, liability for those amounts also will have resulted from [Bowditch's] malpractice and misconduct in representing [Hudson].

[Compl., Dkt. No. 1 ¶ 33].   Bowditch does not assert that Littler is liable for any of the $19.9 million the Fund assessed.  [Def.'s Opp., Dkt. No. 99 at p. 1 n.1].[3]  Instead, seizing on the second sentence of Paragraph 33, Bowditch alleges that Littler is liable to Bowditch for any claim that Hudson may bring against Bowditch for additional penalties assessed after the fiscal year ending on September 30, 2017.  In doing so, Bowditch argues that if Hudson were to incur withdrawal liability after retaining Littler, Littler would be at least partially responsible for such damages as Hudson's counsel at the time Hudson triggered such liability.  [Dkt. No. 99 at p. 1].

On the existing record, these damages are too speculative to be actionable.  As the First Circuit noted in Levin v. Berley, "[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm—not yet realized—does not suffice to create a cause of action for negligence."  Levin, 728 F.2d at 553–54 (quoting Budd v. Nixen, 6 Cal.3d

---

[3] In its opposition, Bowditch dismisses Littler's argument that Littler is not liable for losses accruing prior to its retention in 2018, as "a straw man which is not the basis of the claim against it." [Dkt. No. 99 at p. 1 n.1]. Similarly, Bowditch proposes that if Hudson had been willing to dismiss with prejudice the claims in Paragraph 33 for damages beyond the 2017 plan year, Bowditch would have no objection to dismissing as against Littler. [Dkt. No. 99 at p. 8]. Consistent with these representations, Bowditch stated at oral argument that its claim for contribution against Littler was for damages that may be assessed for liability after the 2017 plan year.

195 (1971)) (emphasis added).  The uncontroverted fact is that Fund has not assessed any liability or penalties on Hudson for withdrawal triggered by reductions in its union work force after September 30, 2017.  Hence, as surely as Bowditch has no exposure for any such liability that has not yet been assessed, neither can it sustain a claim against Littler based on the mere possibility that the Fund may one day assess further damages.

In its defense, Bowditch properly argues that pleadings are meant to be read expansively.  See Sisbarro v. Warden, 592 F.2d 1, 2 (1st Cir. 1979).[4]  Bowditch also asserts that it cannot properly plead damages where evidence of such damages is solely in the possession of Hudson and Littler.  Courts may take account of whether "discovery can reasonably be expected to fill any holes in the case."  Jellyman v. Worcester, 354 F. Supp. 3d 95, 96 (D. Mass. 2019) (denying a motion to dismiss because information regarding the intent of an officer was solely in the possession of the municipality).  This may be the case when information is in one party's "sole possession."  McCrohan, 368 F. Supp. 3d at 335 (denying a motion to dismiss because an assignee of a contract did not have access to evidence of consideration for the original agreement).  This argument fails to support Bowditch's claim.  While Hudson and Littler may have unique access to information about potential future liability, unless and until the Fund notices an additional assessment covering conduct after Littler's engagement as counsel, liability remains just potential, and therefore insufficient to maintain action for contribution against Littler.

---

[4] At oral argument, Bowditch also argued that dismissing Littler was inefficient and if the Fund assesses penalties for post-2017 conduct, the parties would likely have to re-take discovery.  Bowditch is quite right; the dismissal of Littler has a significant potential for being inefficient.  However, such efficiencies are necessarily secondary to a fair assessment of the sufficiency of the allegations in Count II of the third-party complaint.  See Bernardi Ortiz v. Cybex Int'l, Inc., 345 F. Supp. 3d 107, 117-18 (D.P.R. 2018) (acknowledging the efficiency of third-party practice while dismissing a third-party claim that failed on the substantive law).

7

IV.     CONCLUSION

For the foregoing reasons, I recommend that the Motion to Dismiss Count II of the Amended Third-Party Complaint [Dkt. No. 90] be GRANTED WITHOUT PREJUDICE.


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge